The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Young. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence except plaintiffs affidavit that was stipulated into evidence by agreement of the parties subject to the redaction of paragraph #2; rehear the parties or their representatives; or amend the Opinion and Award. However, in its discretion, the Full Commission nevertheless modifies the prior Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement prior to the hearing, which is incorporated herein by reference, and at the hearing as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times.
3. At all times relevant, Gates McDonald was the carrier on the risk.
4. The parties stipulated that plaintiffs average weekly wage was $635.06 yielding a weekly compensation rate of $423.38.
5. The parties stipulated that defendant has not offered the employee any position of employment since her termination from employment on February 18, 1999.
6. The parties stipulated into evidence Plaintiffs Answers to Defendants Interrogatories.
7. The parties stipulated into evidence plaintiffs medical records from Durham County Hospital, Dr. William Friedman, Triangle Orthopaedic Associates, P.A., Durham Regional Hospital and Physical Therapy.
8. Plaintiffs criminal record submitted by certified copy and plaintiffs affidavit of March 16, 2001 with paragraph #2 redacted are a part of the evidentiary record.
9. The issues presented are:
 a) Whether plaintiff suffered an injury by accident on February 18, 1999 arising out of the course of her employment with defendant-employer?
 b) Whether plaintiff is entitled to any benefits under the North Carolina Workers Compensation Act?
 ***********
Based upon all the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 46 year old unemployed college graduate.
2. Plaintiff had been employed by defendant-employer as an archivist with Glaxo-Wellcome from November 4, 1996 through February 18, 1999 where her duties included compiling and archiving scientific data for Glaxo-Wellcome. Plaintiffs workplace was in the Glaxo-Wellcome facility.
3. On February 18, 1999, plaintiff reported to work and performed her duties until approximately 3:15 p.m. when Cindy Molloy, defendant-employers Director of Operations, called plaintiff and requested a conference with plaintiff.
4. Plaintiff, Ms. Molloy and Belinda Blackwood, defendant-employers Staffing Manager, met in a conference room at the Glaxo-Wellcome facility and discussed plaintiffs imminent termination.
5. During the meeting with Ms. Molloy and Ms. Blackwood, plaintiff became agitated and abruptly left the meeting to speak with Dr. Jane Harrellson, Director of Drug Analysis and Blood Metabolism at Glaxo-Wellcome. Dr. Harrellson was in charge of many of the projects upon which plaintiff worked.
6. As plaintiff exited the conference room, Ms. Molloy followed plaintiff. Mr. Robert Kaufman, a security guard on contract with Glaxo-Wellcome, was stationed outside the conference room during the meeting. When plaintiff left the conference room, Mr. Kaufman followed and asked her to return to the conference room. When plaintiff did not return to the conference room, Mr. Kaufman placed himself in front of the left door leading from the administration area to the research area, where Dr. Harrellsons office was located, to prevent plaintiff from entering the research area. Mr. Kaufman also placed his hands and foot in front of the right side door to keep the plaintiff from entering that door.
7. Though plaintiff contends she was forcibly pinned between the partially opened door and the closed door with the door pressing against her chest with the latch pressing against her lower back, Mr. Kaufman braced his foot against the door, holding the door in place but not applying any further pressure on it. While Mr. Kaufman was holding the door, plaintiff tried to squeeze through the door and put her face between the doors as she called out for Dr. Jane Harrellson. At that time, Mr. Victor Howell, who was performing electrical work fifteen to twenty feet away, heard a commotion and recognizing plaintiff, approached the doors. Plaintiffs right side was within his view and plaintiff requested that Mr. Howell go to Dr. Harrellsons office to find her. Plaintiff did not indicate to Mr. Howell that she was injured. Mr. Howell did not know and was not in a position to assess whether any pressure was being exerted on the door or if plaintiff was being held between the doors or merely attempting to get through the doors.
8. Mr. Howell found Dr. Harrellson who arrived at the doors and went with plaintiff into the administration side of the building. At that time, Mr. Howell observed plaintiff calm down. Dr. Harrellson confirmed that plaintiffs job was terminated and encouraged plaintiff to listen to Ms. Molloy and to follow her directions. During Dr. Harrellsons conversation with plaintiff, plaintiff did not mention an injury or pain resulting from any incident with the doors.
9. After speaking with Dr. Harrellson, plaintiff requested her personal items and returned her key. Security escorted plaintiff to the shuttle and plaintiff went home. There was no report of injury at this time.
10. Plaintiff contends that on the night of February 18, 1999, she was sore on her right side and in her lower back and that she remained in bed over the next three days. Several days later, on approximately February 23, 1999, plaintiff and Ms. Molloy spoke on the telephone and had a "heated conversation during which plaintiff for the first time informed Ms. Molloy that she was hurt. It was not until the day after this confrontation, on February 24, 1999, that plaintiff called a friend to take her to the hospital on the following day, February 25, 1999.
11. On February 25, 1999, plaintiff sought medical attention for the first time since the alleged incident with the doors, which occurred eight days prior. Plaintiff was seen in the emergency room complaining of right arm and right side pain. Plaintiff stated that she had been bruised but there was no objective evidence of bruising or other injury. Based on the history plaintiff gave, she was diagnosed with chest wall contusion and right arm contusion.
12. Thereafter, on March 5, 1999, plaintiff saw her family doctor, Dr. S. William Friedman, with subjective complaints of severe chest pain and back pain. However, there were no objective findings of injury.
13. On March 12, 1999, plaintiff presented to Triangle Orthopaedic Associates where she was seen by Kevin Lavery, P.A. Once again, there were no objective findings but plaintiff gave a history of bruising and significant pain and made subjective complaints such as tenderness to palpation. X-rays revealed no significant findings. Thereafter, on May 5, 1999, plaintiff was seen by Dr. Thomas A. Dimmig, an orthopaedist with Triangle Orthopaedic Associates, who reviewed her lumbar x-rays which revealed no significant findings. Thereafter, plaintiff returned to Dr. Dimmig with back complaints and he recommended an MRI, which was negative concerning the lumbosacral spine and SI joints/upper pelvis. At this time plaintiff was complaining of a knot in her lower back that Dr. Dimmig felt was coalesced fatty tissue over her posterior iliac crest area. Plaintiff continued to treat with Dr. Dimmig through September 27, 1999, including physical therapy sessions. On September 27, 1999, plaintiff reached maximum medical improvement and surgical intervention was not recommended. Any opinion by Dr. Dimmig causally relating plaintiffs low back condition or any other condition to the alleged work related incident is given little weight as Dr. Dimmigs opinion is based on an inaccurate history provided by plaintiff.
14. At the hearing on April 19, 2000, the Deputy Commissioner had the opportunity to observe the witnesses demeanors and the intonation of their voices. Accordingly, the Deputy Commissioner weighed the testimony of all parties and gave more weight to the testimony of Mr. Kaufman, Ms. Cindy Malloy, Dr. Harrellson and Ms. Blackwood than to that of plaintiff and Mr. Howell. Therefore, based on all of the evidence of record including the lack of objective medical findings as well as the credibility findings of the Deputy Commissioner, plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident resulting in any compensable consequences on February 18, 1999. In fact, although there was an incident involving the doors, plaintiff was never actually forcibly wedged, pinned or held forcefully between the doors in a way that pressure was placed on her chest and back resulting in an injury.
15. Moreover, even if plaintiff sustained an injury by accident on February 18, 2001, the greater weight of the evidence of record, including the medical evidence, fails to establish that plaintiffs condition is causally related to any injury by accident arising out of the scope of her employment with defendant-employer on February 18, 1999.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer on February 18, 1999. N.C. GEN. STAT. 97-2(6).
2. Moreover, plaintiff has failed to carry the burden of proof to establish by the greater weight of the evidence that her complaints are causally related to any incident arising out of and in the course and scope of her employment with defendant-employer. Accordingly, plaintiff is not entitled to receive any benefits under the North Carolina Workers Compensation Act. N.C. GEN. STAT. 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Plaintiffs claim is hereby, and under the law must be, Denied.
2. Defendants motion for sanctions for plaintiffs failure to respond to discovery is hereby Denied in the discretion of the Full Commission.
3. Each side shall bear its own costs.
This the ___ day of April 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER